UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――

MICHAEL RAY ROBINSON,

        Plaintiff,        Case No. 1:09-cv-143

v.        Honorable Paul L. Maloney

WHEELING & LAKE ERIE
RAILWAY CO.,

        Defendant.
_____/

**OPINION**

        This is a civil action brought by a state prisoner against his former employer.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2).  In addition, the Court is required to dismiss an action at any time if it determines that it lacks subject-matter jurisdiction.  FED. R. CIV. P. 12(i).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's claims regarding the imposition and enforcement of state-court child support orders and Defendant's compliance with those orders.  The Court will serve the remainder of the complaint.

**Discussion**

I.        Factual allegations

Plaintiff Michael Ray Robinson is incarcerated at the Ingham County Jail. He sues his former employer, the Wheeling and Lake Erie Railway Company.[1]

According to the complaint, Plaintiff was employed by Defendant from September 2005 to June 2006. Plaintiff alleges that, at the time of his employment, he was subject to orders from the 30th District Court of Michigan and the 7th Circuit Court of Maryland, directing the withholding of fifty percent of Plaintiff's income for child support. Plaintiff asserts that he notified both courts of his employment with Defendant. He alleges that Defendant wrongfully withheld earned, unpaid income and failed to pay those earnings, in contempt of both courts' orders. For relief, Plaintiff seeks to be relieved from the consequences imposed by those courts for his failure to pay child support and reimbursement of any wrongfully withheld wages.

Plaintiff further alleges that he was discharged from his employment because of his cooperation in a federal railway investigation into Defendant's noncompliance with safety standards. Plaintiff seeks damages, including lost wages, incurred because of the discharge.

II.        Lack of Subject-Matter Jurisdiction

Plaintiff complains that Defendant improperly withheld income for payment of his court-ordered child support, ostensibly in contempt of court orders issued by the Michigan and Maryland courts. Plaintiff appears to seek relief from penalties imposed in state-court enforcement proceedings against him, allegedly caused by Defendant's failure to properly pay the required

---

[1] Defendant is named in the complaint as "Wheeling and Lake Erie Railroad Rail Signal System, et al." The Court has used the actual corporate name.

withholding. In addition, Plaintiff appears to seek reimbursement of monies withheld by Defendant but not paid in accordance with the state-court orders.

To the extent Petitioner challenges the actions of the two state courts in imposing and enforcing his child support obligations, this Court is barred from exercising jurisdiction over the claims by the *Rooker-Feldman* doctrine. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *See U.S. ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 329 (6th Cir. 1998). The Court may raise the issue of subject matter jurisdiction *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992).

The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Id.* (citations omitted). Thus, even if the challenge is that the state court's action was unconstitutional, this Court may not review the challenge. *Feldman*, 460 U.S. at 485-86.

For the doctrine to apply, the "federal claim [must be] inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court

wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, (1987) (Marshall, J., concurring). The Sixth Circuit has found that the *Rooker-Feldman* doctrine would bar an action challenging the termination of his parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001); *accord Evans v. Yarbrough*. No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation). Similarly, in this case, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review the decisions of the Michigan and Maryland state courts in imposing and enforcing their child support orders. *See Rowe v. City of Detroit*, No. 00-1353, 2000 WL 1679474, at *1 (6th Cir. Nov. 2, 2000) (holding that *Rooker-Feldman* doctrine precluded federal court review of state court orders regarding child support). Further, the Court lacks jurisdiction to hold Defendant in contempt of any state court's orders. Plaintiff's recourse is to seek relief in the state court that issued the order or to file an appeal from that order, not to file an action in this Court. In sum, insofar as Plaintiff seeks to collaterally attack a state-court decision to impose or enforce a child support order or to enforce the contempt powers of a state court, his claim must be dismissed for lack of subject matter jurisdiction.

    To the extent that Plaintiff claims that Defendant improperly withheld and retained some of his wages, his claim is, if anything, a matter of state law. This Court does not have original jurisdiction over state-law claims, except in cases involving diversity of citizenship under 28 U.S.C. § 1332. Plaintiff has made no attempt to allege diversity jurisdiction, and he has failed entirely to allege that the value of his claim exceeds the jurisdictional minimum of $75,000.00.

Moreover, the Court declines to exercise supplemental jurisdiction over the claim. Under 28 U.S.C. § 1367, a court exercising its original jurisdiction over a question of federal law, may also exercise jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). In determining whether to exercise supplemental jurisdiction, a district court should consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law. *See Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F .3d 617, 620-21 (6th Cir.1999). If the "balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Plaintiff's claim regarding the withholding of his wages for payment of court-ordered support is not related to his claim of retaliatory discharge. Because the claim is intimately connected to the enforcement of two state-court support orders, which are themselves outside the jurisdiction of this Court, the factors of judicial economy, comity and convenience all weigh strongly against the Court's exercise of supplemental jurisdiction. As a consequence, the Court declines to exercise supplemental jurisdiction over any state-law claim of improper withholding of wages for child support payments.

**<u>Conclusion</u>**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims regarding the imposition and enforcement of state-court child support orders and Defendant's liability for withholding errors related to those state-court orders will be dismissed without prejudice for lack of jurisdiction. The Court will serve the remaining claim of retaliatory discharge.

An Order consistent with this Opinion will be entered.


Dated:   April 15, 2009                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge